IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 24-127 |
| CONSTANCE ARRINGTON : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant, Constance Arrington (hereinafter "Arrington"), stands convicted of one count of possession with intent to distribute 5 kilograms or more of cocaine, for flying to Philadelphia International Airport to pick up a large quantity of cocaine in New Jersey for further distribution. After Arrington left the airport and picked up 24 kilograms of cocaine in New Jersey, she was stopped by Philadelphia Police Department ("PPD") officers at the direction of the Drug Enforcement Administration ("DEA"). DEA then seized 24 kilograms of cocaine from the back of Arrington's car. Arrington has accepted responsibility for this offense and entered into a plea agreement with the United States Attorney's Office in which the parties have agreed that a 10-year sentence of imprisonment and a 5-year period of supervised release is an appropriate resolution. Accordingly, the government requests that this Court sentence Arrington to a 10-year sentence of imprisonment and a 5-year period of supervised release.

I.  Procedural Background

On March 28, 2024, a grand jury for the Eastern District of Pennsylvania returned a one-count Indictment against Arrington charging her with possession with intent to distribute 5 kilograms or more of cocaine.

1

On April 7, 2025, the defendant appeared before the Honorable Michael M. Baylson, and pled guilty to Count 1 of the Indictment, pursuant to a written guilty plea agreement with the United States Attorney's Office for the Eastern District of Pennsylvania.

II.  Maximum Penalty and Advisory Sentencing Guideline Calculation

   A.  Statutory Maximum Sentences

For Count 1, the Court can impose the following penalty: a mandatory minimum term of 10 years' imprisonment up to a maximum of life imprisonment, a term of supervised release of at least 5 years, a $10,000,000 fine, and a $100 special assessment.

   B.  Sentencing Guidelines Calculation

The government calculates the defendant's advisory sentencing guidelines:

| | |
|---|---|
| Base offense level | 32 |
| Specific Offense Characteristic | + 2 |
| Acceptance of responsibility | - 3 |
| Total offense level | 29 |

The defendant is in Criminal History Category I. A total offense level of 29, with a Criminal History Category I, results in an advisory sentencing range of **87 to 108** months' imprisonment within Zone D. Defendant is not safety valve eligible, and the count of conviction has a mandatory minimum of **120 months** imprisonment. Accordingly, the guideline range is **120 months.**

III.  Analysis

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is a guidelines range sentence.

The Supreme Court has declared: "As a matter of administration and to secure

nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553(a).[1]

A.  The Nature and Circumstances of the Defendant's Crimes

This is a very serious case. Defendant was in possession of over 50 pounds of

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006) (quoting *United States v. Navedo Concepcion*, 450 F.3d 54, 58 (1st Cir. 2006)).

cocaine which would have an estimated street value of hundreds of thousands or even possibly more than a million dollars. Based Arrington's frequent one day travel to cities throughout the country and her use of rental facilities in those cities, it seems that Arrington was repeatedly involved in the transport of large quantity of cocaine throughout the United States.

      B.    <u>The History and Characteristics of the Defendant</u>

Defendant is from a large family in California and has lived in California her entire life. PSR ¶¶ 42 – 44. Other than this conviction, defendant has had no contact with the criminal justice system. Defendant achieved a strong academic record in high school and attended a four-year university before dropping out. PSR ¶¶ 68 – 69. Defendant has a limited work history and doesn't report any assets or liabilities. PSR ¶¶ 71 – 74.

      C.    <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offenses, to Promote Respect for the Law, and to Provide Just Punishment for the Offenses</u>

Given that the defendant was involved in significant drug trafficking, it is important for the Court to impose a sentence that reflects the havoc that drug trafficking has on the Philadelphia region. The agreed upon sentence is a decade long, mandatory minimum sentence. The agreed upon recommended sentence appropriately reflects these sentencing goals.

      D.    <u>The Need for Adequate Deterrence</u>

As stated above, it is critical to deter Arrington and others from committing large-scale drug trafficking which devastates local communities. Additionally, there is a specific need to deter Arrington from future conduct. Defendant resorted to trafficking significant quantities of dangerous controlled substances seemingly for short-sighted financial gain. The recommended sentence would adequately deter defendant and others to committing similar offenses for short-

sighted pecuniary gain.

  E. <u>The Need to Avoid Disparities</u>

Defendant is the only individual charged in this indictment.

  F. <u>Educational or Vocational Training</u>

The government is not aware of a need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). However, should the defendant wish to avail himself of opportunities for betterment, through training, education or treatment, the recommended sentence will not inhibit those efforts while the defendant is incarcerated or on supervised release.

  G. <u>The Kinds of Sentence Available</u>

As defendant Arrington's advisory guideline range falls within Zone D of the sentencing guidelines, the only guideline option is incarceration.

  H. <u>Restitution and Forfeiture</u>

Restitution and forfeiture are not applicable.

IV. <u>Conclusion</u>

        Accordingly, the government respectfully requests that the Court impose a 10-year sentence of imprisonment and a 5-year period of supervised release.

                                      DAVID METCALF
                                      United States Attorney

                                      <u>/s/ TIMOTHY M. LANNI</u>
                                      TIMOTHY M. LANNI
                                      Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing Sentencing Memorandum was served by email on Jeremy Alva, Esq.

                                        /s/ TIMOTHY M. LANNI
                                        TIMOTHY M. LANNI
                                        Assistant United States Attorney

Date: July 25, 2025