**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | Criminal No. 2:24 CR 00127 |
| **CONSTANCE ARRINGTON** | : | |
| | : | |
| | : | |

## CONSTANCE ARRINGTON's SENTENCING MEMORANDUM

CONSTANCE ARRINGTON, by and through undersigned counsel, Jeremy-Evan Alva, Esq., respectfully submits this sentencing Memorandum for this Court's consideration at sentencing.

## I.      INTRODUCTION

CONSTANCE ARRINGTON (hereinafter, Ms. Arrington) comes before Your Honor with humility and introspection in her heart and a positive outlook for the future, but also a firm understanding of the ramifications of her actions that bring us here today.

Ms. Arrington lived a relatively rough life being raised in a gang infested area in California. She was raised by her mother, grandmother and sister. According to Ms. Arrington, her sister was more like her mother and her mother more like her sister. Ms. Gaines, Ms. Arrington's sister, is now the legal guardian to Ms. Arrington's 15 year-old daughter Naomi.

Ms. Arrington has been a survivor her whole life. She survived living in the gang infested area, she survived a home invasion attack while living in Georgia and she will survive the time she has to be incarcerated due to her actions.

## II.	Ms. Constance Arrington's Sentencing Statement

Your Honor,

Upon writing this letter only thing kept coming to mind is why would the Judge want to read anything from me if it is not going to change anything. I had to get that negativity out of my head, which took some time. This experience has taught me a valuable lesson. Number one "family". I've never been away from them this long, but being that I have become better at communicating more which was a big thing for me. Number two "self love". Coming to prison help me become more in tune with myself, and learning that I can't help or love anyone if. I don't help and love myself first. If someone would of asked me 10 years ago I would end up in jail I would have literally laughed. I've never been a troubled kid nor a troubled young adult. Always respected my elders and always loved to learn new things. Didn't seen myself coming here. There is a saying my mom used to say, "Hard head makes a soft ass". Doing the thing I've done to get me to land in prison just doesn't sit right on my soul. I just thought doing a few things here and there would get me on my feet and I would go on with my life not take time away from it. Not thinking about the danger, I was putting myself in and the hurt I've caused my family. All I know is I have a great support system and when I do get out, I will correct all my wrongs. Starting with going back to college, going to therapy and becoming an advocate for women like me. Also try to create opportunities for people so they won't take the path I did.

Thank you,

CONSTANCE ARRINGTON

## III.	The Post-*Booker* Sentencing Framework

Since the United States Supreme Court's decision in <u>Booker v. United States</u>, District Courts are not bound by the sentencing guidelines, but must consider them when tailoring an appropriate sentence. 543 U.S. 220, 264 (2005). <u>But see</u> <u>Rita v. United States</u>, 551 U.S. 38 (2007) (according presumption of reasonableness to sentencing decision within guideline ranges). Thus, under the <u>Booker</u> decision, courts should treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The ultimate goal of the sentencing process is that a court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by the statute. <u>Id.</u> at § 3553(a). Those purposes are:

<table>
<tr><td>(A)</td><td>to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;</td></tr>
<tr><td>(B)</td><td>to afford adequate deterrence to criminal conduct;</td></tr>
<tr><td>(C)</td><td>to protect the public from further crimes of the defendant; and</td></tr>
<tr><td>(D)</td><td>to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .</td></tr>
</table>

Id. at § 3353(a)(2)(A) – (D). In reaching those goals, the factors that District Courts should consider are the nature and circumstances of the offense and the history and characteristics of the defendant, id. at § 3553(a)(1), the need for the sentence imposed, id. at § 3553(a)(2), the kinds of sentences available, id. at § 3553(a)(3), the sentencing ranges, id. at § 3553(a)(4), policy statements issued by the sentencing commission, id. at 3553(a)(5), the need to avoid unwarranted sentence disparities, id. at § 3553(a)(6), and the need to provide restitution to victims of the offense, id. at § 3553(a)(7).

Under 18 U.S.C. § 3582(a), in determining whether and to what extent to imprisonment is appropriate for a particular offender, the judge is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation." (emphasis added). But see United States v. Duran, 37 F.3d 557, 561 n.3 (9th Cir. 1994) ("Once imprisonment is selected as the means of punishment, the district court may consider the length of imprisonment necessary to complete a particular prison program."). Finally, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.[1] Thus, "a judge may appropriately conduct an inquiry broad in scope,

---

[1] For this reason, some information is included that the Sentencing Commission would deem to be irrelevant. It is Ms. Diaz's position that this statute is controlling, and notwithstanding Guidelines to the contrary, there is no limit to the information this court may consider.

largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972).

To assist District Courts in Pennsylvania, New Jersey and Delaware, and the Virgin Islands, the United States Court of Appeals for the Third Circuit has adopted a three-step process for district courts to follow when sentencing a defendant:

(1)     calculate the applicable Guidelines range;

(2)     formally rule on any departure motions; and

(3)     exercise its discretion in applying the factors set forth in 18 U.S.C. § 3553(a).

See, e.g., United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

## IV.     Relevant Federal Sentencing Guideline Ranges

Ms. Arrington has no objection with the Offense Level Computation contained in the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, including a base offense level of 32, an upward adjustment of 2 levels due to maintain a premises for the purposes of distributing a controlled substance pursuant to USSG § 2D1.1(b)(12),  a downward adjustment of 3 levels for acceptance of responsibility pursuant to United States Sentencing Guidelines[2] ("U.S.S.G.") § 3E1.1 (a), and another 2 levels reduction for being a zero-point offender under USSG § 4C1.1(a) and (b) which results in an adjusted offense level of 29.  This results in a guideline range of 87-108 months, however due to the amount of narcotics. USSG § 5G1.1(b) a mandatory sentence of 120 months must be imposed.

---

[2] Unless otherwise noted, all citations to the United States Sentencing Guidelines refer to the November 1, 2010 *Guidelines Manual*.  See U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect of the date that the defendant is sentenced.").

It is said best by Michael A. Wolff, Judge of the Supreme Court of Missouri, who has stated, "Prison, it hardly needs to be said, should be reserved for those whom we really are afraid of, not those we are mad at." *Lock 'Em Up and Throw Away the Key? Cutting Recidivism by Analyzing Sentencing Outcomes*, FED. SENTENCING REPORTER, Vol. 20, No. 5, p. 320, 321 (2008). A sentence in accordance with the plea agreement serves the interests of justice, the interests and wellbeing of society, and will allow Ms. Arrington to be adequately rehabilitated to move on to the next phase of her life as a law abiding, productive member of society.

Furthermore, the attached letters from family, friends and members of the community demonstrates Ms. Arrington's positive impact on others and her ability to be rehabilitated. The letters from the people listed below, are collectively attached hereto as Exhibit "A":

1.     Latasha Gaines (sister)

2.     Naomi Arrington (daughter)

3.     Tony Carter (Aunt)

4.     Kenneth Stewart (Friend)

5.     Brianna Clark (Cousin)

6.     Tanicca Johnson (Friend)

7.     Trishena Smith (Friend)

8.     Dr. Geno Townsley (Friend)

9.     Elisha Goins (Friend)

10.    Chavette Dumas (Friend)

11.     Kristen Wright Matthews (Friend)

12.     CJ Matthews (Friend)

13.     Landen Smith (Aunt)

14.     Britney Furbush (Cousin)

15.     Darrell Blanton (Runs a Nonprofit that Ms. Arrington donated time to)


**V.      Conclusion**

Ms. Arrington respectfully requests that this Honorable Court impose a sentence, which will enable her the rehabilitation she is capable of and the opportunity to support her family and be a productive member of society.  The joint recommended sentence of 120 months is more than adequate.  The total amount is higher than her standard guidelines, but due to the amount of cocaine, Ms. Arrington's mandatory sentence is substantially higher than her guidelines.

Respectfully submitted,


Date: 08/04/25                              */s/ Jeremy-Evan Alva*
                                           Jeremy-Evan Alva, Esq.
                                           Alva & Moscow, LLC
                                           Counsel for CONSTANCE ARRINGTON
                                           3 Bala Plaza East
                                           Suite 120
                                           Bala Cynwyd, PA 19004
                                           Tel.: 215.665.1695
                                           Fax: 215.665.0183
                                           E-mail: jalva@alvafirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | Criminal No. 2:24 CR 00127 |
| **CONSTANCE ARRINGTON** | : | |
| | : | |
| | : | |

CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing is being served upon the following:

Timothy Lanni, Esq.  
615 Chestnut St., Suite 1250  
Philadelphia, PA 19106  
215.861.8412  
Timothy.lanni@usdoj.gov  
(via e-mail)

Officer Sara Donson  
U.S. Probation Officer  
600 Arch St., Suite 2400  
Philadelphia, PA 19106  
Sara_donson@paep.uscourts.gov  
(via e-mail)

Date: 08/04/25

*/s/ Jeremy-Evan Alva*  
Jeremy-Evan Alva, Esq.  
Alva, & Moscow, LLC  
Counsel Constance Arrington  
3 Bala Plaza East  
Suite 120  
Bala Cynwyd, PA 19004  
Tel.: 215.665.1695  
Fax: 215.665.0183  
E-mail: jalva@alvafirm.com

Exhibit 'A'

Latasha Gaines
7381 LaTijera Blvd #452656
Los Angeles, CA 90045
Tashavision@yahoo.com
310 729-3465

June 28, 2025

The Honorable Judge Michael M. Baylson
United States District Court
For The Eastern District Of Pennsylvania
601 Market Street
Philadelphia, PA 19106

RE: Character Reference for Constance Arrington, Case No. 2:24-cr-00127-MMB

Dear Judge Baylson,

My name is Latasha Gaines, I am Constance's older sister. Most would say, a second mother to
Constance. I helped raise Constance. Our mother a single mom, became seriously ill while Constance
was in high school, five years later passing away. I've watched Constance grow and develop over the
years. I have observed her strengths and her weaknesses. I have watched her face life's challenges and
grief. I hope sharing my insight about the woman that stands before you in the court room, gives you a
clearer depiction of who Constance is, not just her worst moment, and the chargers she faces.

Constance impacts people and the community, in a way that she pours into them. She has time and
time again supported family, friends, and others during sickness, grief, and times of uncertainty. I have
seen first hand her compassion, generosity, and kindness. At the bedside of many whom where sick.
Including our mother, our aunts, other family members and her friends. Taking on the responsible to
help care for our aunt, before she passed away. Witnessing her remove cloths from her closest to help
the homeless in downtown LA, and giving money to the less fortunate on the streets. I have watched
her babysit several kids, helping their moms when they needed support. Including my own son, her
nephew. She adopted someone's dog when they moved, and couldn't take the dog with them. When
Constance was in college at VCU, see learned that a high school friend of hers was homeless. The girl's
parents were deceased. Constance immediately called me, and pleaded with me to take her in. She
asked if she could live with me until she was able to find a job and save some money. Even though she
was away at college in Virginia, she still provided a roof over someone's head in California. While
attending college at VCU, Constance became pregnant and gave birth to her daughter Naomi. At that
time, she realized it was extremely difficult to raise her new born and continue her education at VCU.
She decided it to return home, to raise her daughter were she had support from family. There are some
people that drain you and others that uplift you. Constance has always been the latter.

We all have made mistakes on the journey of life. We shouldn't let the mistakes define us but rather learn and grow from them. Constance understands the gravity of her actions. She has expressed deep regrets for the decisions that lead to this moment. She realizes the impact it has had on her daughter, Naomi. Constance being a single mom, now absent from her daughter's day to day life has taken a toll on both her and Naomi. She's a great mother, and her daughter deeply misses her.

Throughout this process, I have seen Constance remorse, and her willingness to accept responsibility for her actions. I believe she has learned a profound lesson from this experience. She is determined to make things right in a positive way. She has taken virtually every course or class available to her at FDC Philadelphia. She has helped others study, and prepare for their GED.

Your honor, while I acknowledge the seriousness of the charges. I know Constance is fundamentally a good person who has made a great mistake. She has been a positive influence on the community, and all those around her. I respectfully ask that you consider Constance positive attributes, her lack of a criminal history, her remorse for her actions, her commitment to personal growth and her guilty plea, as you consider her sentence. I am confident that if given an opportunity of a reduced sentence, this would better assist her in becoming a more productive citizen than any extended period of incarceration. Constance will emerge making meaning contributions to society as a law abiding citizen. Thank you for your time and consideration.

Sincerely,

Latasha Gaines

July 10, 2025

**Dear Judge Baylson,**

My name is Naomi Arrington. I am fifteen years old, and I am writing to you on behalf of my mom (Constance Arrington), whom I have known to be one of the best role models in my life. I understand the seriousness of the charges brought against her, and I do not seek to excuse or minimize the offense. However, I would like to offer some insight into the person I know outside of this situation.

I have always known her to be a funny, loving, and hardworking mom. For example, instead of her just quitting on me when I didn't listen to all her commands, she gave me multiple chances til I got it right rather than giving up on me or reacting out of frustration. Her patience and willingness to see the best in me, even when I struggled, showed the kind of love and character that has shaped me into who I am today. She has also shown happiness even though times are rough, calling me, checking up on me, and texting about me to see how I am doing. Even if she has a harder life than I, she still makes sure I'm okay.

I know that she has taken steps to improve while incarcerated, such as going to church, staying busy with healthy routines, and focusing on her mental health. I believe she has the potential to continue being a positive force in the community if given a chance.

While I do not deny that consequences are sometimes necessary, I also believe that people can grow from their mistakes when given the opportunity. My mom has shown real effort to learn and do better—not just for herself, but for those who love and depend on her. Her actions recently reflect someone who is genuinely trying to turn things around. I've seen her take accountability and express regret, not only in words but through her choices and behavior. That gives me hope, and I truly believe that with support and encouragement, she can continue moving in a positive direction.

I respectfully ask that you consider these aspects of my mom's character and the progress she's made as you determine an appropriate sentence. I ask for leniency in the Court's decision and appreciate the opportunity to share my perspective.

Sincerely,
 Naomi Arrington

Tony Carver
7381 LaTijera Blvd #452656
Los Angeles, CA 90045
310-425-9211

June 29, 2025

The Honorable Judge Michael M. Baylson,

My name is Tony Carver. I am writing this letter on behalf of my aunt Constance Arrington. I know her simple as Connie. I am writing to offer a more complete picture of who she is. She is the person who is going to put her criminal offense behind her and start a new chapter of her life. I respect that she has plead guilty. I was shocked and very disappointed to hear what Connie has plead guilty to. Connie has always been a good, law abiding citizen.

Being nice, funny, and caring is just the person who Connie is. Connie is the person who taps people on the shoulder to tell them they have dropped something that belonged to them. I remember when eating at Cheesecake Factory, a person had left their iPhone in the bathroom. After bringing it to Connie's attention, her instructions were to give it to the hostess so that the lost party would be better suited to retrieve their belongings. Another example of her nice and caring spirit is how she always has given money to the homeless and when she comes across someone in need. She has taken and picked me up from school and was always early. Connie would also take me to my basketball games and pick me up when transportation was needed. Eventually, she assisted me in getting some driving experience and taught me how to drive. She always helped me with my homework and big assignments like science fair projects. She would even cook tasty dinners for me, which I very much appreciated. I am aware that Connie is taking steps while being incarcerate to better herself and show that she can be a productive member of society. She is showing this in ways such as attending church and taking any classes that are offered while awaiting sentencing.

In conclusion, Connie is a caring human being who has deeply reflected on her actions, and has been hit hard with the realization of her mistake. I pray that you will give a heartfelt consideration in the decision of Connie sentencing and take in consideration all of the good she has done in her life.

Thank you Judge Baylson, for taking the time to read through this letter. If you have any further questions I can be reached by telephone.

Sincerely,
Tony Carver

Kenneth Stewart
Stewartkennethd@gmail.com

July 5, 2025

The Honorable Michael M. Baylson
United States District Judge
3810 U.S. Courthouse
601 Market Street, Courtroom 3-A
Philadelphia, PA 19106

### RE: Letter of Support for Ms. Constance Arrington

Dear Judge Baylson:

My name is Kenneth Stewart, and I serve as an Investigator for a Federal Public Defender Office in California. I've dedicated my professional life to the legal system, and I am currently preparing to take the California Bar Exam. I write this letter in full awareness of the seriousness of federal sentencing, and I do so to share my heartfelt perspective on a woman who is more like family than a friend, and that I have loved and respected for over eighteen years—Constance Arrington.

To me and those who know her best, she is simply "Connie." We grew up together in South Central Los Angeles, attended the same high school, and both went on to Virginia Commonwealth University. When she became a mother to Naomi, Connie made the difficult decision to return to Los Angeles to provide a stable home. For the past eighteen years, I've spent mostly every holiday in her home; her family is my family. Connie is the sister I never had, the kind of person who shows up when no one else does, even during the lowest moments of my life, including the devastating death of my brother.

Connie has never been violent or malevolent. If anything, she's been too trusting; too quick to help others, sometimes to her own detriment. When I learned that Connie was arrested, I was shocked and deeply disappointed because her actions were completely out of character for the Connie, I've known most of my life. I know from my professional experience that actions have consequences, and Connie is no exception. However, I ask the Court to consider her lack of criminal history, her genuine remorse, and her desire to use this painful chapter as a turning point.

Since being incarcerated, Connie has enrolled in classes and has shared her plans to continue her education while in custody. She wants to come out of this not bitter, but better—a better mother, a stronger sister, a model aunt, and a more informed citizen.

Your Honor, with your discretion and mercy, I respectfully ask that you consider the totality of Connie's character and the life she still hopes to lead. I have every confidence that Constance will emerge from this experience rehabilitated, deeply reflective, and fully committed to living with purpose. I believe she is determined to rebuild her life with integrity—as a law-abiding, productive, and deeply valued part of her family and community.

Respectfully submitted,

Kenneth Stewart, MLS, J.D.

**Brianna Clark**

Los Angeles, CA

briannaclark1@yahoo.com

7/14/25

**The Honorable Judge Michael M. Baylson,**

My name is Brianna Clark, I'm a Certified Clinical Hemodialysis Technician, and I am writing on behalf of my cousin, Constance Arrington, who is currently awaiting sentencing. I understand that the nature of her offense is very serious and is not something to take lightly. But I also know the woman she is outside of this case, and I hope that by sharing more about her character, I can offer a fuller picture of who she is as a person, beyond this charge.

Constance is a 35-year-old woman who has always had a big heart and a strong presence in our family. These past 16 months, we have really felt the gravity of her absence. She is the mother of a teenage daughter Naomi, who is now 15 years old, and everything Constance has done, good or bad, has always come from a place of trying to provide and/or protect her. She's made mistakes, and I know she's not proud of where those mistakes have led her, but I also know she deeply regrets them and wants a chance to grow from this situation.

What stands out to me most about my cousin is her loyalty and the way she shows up for people. Even when she doesn't have much, she finds ways to help others. Whether it is taking someone in, helping out with childcare, caring for our sick aunt when she fell ill, or just being someone to talk to. She's made a bad decision, but I know for a fact she's not a bad person. She has love in her heart and good intentions.

She's a good mother and incredibly important in her daughter's life. Naomi's father has not been present in her life. With her mom gone now too, it has taken a great toll on her. Her daughter is at an age where she still needs her mom, especially to help guide her through high school and into adulthood. To answer those questions she may have and love and hug her like only a mother could. Losing her mother for years during this critical time would be devastating for her. I truly believe that if Constance is given the opportunity to serve her time in a way that still allows for rehabilitation and reconnection, whether through a reduced sentence, a program, or anything that allows her to come back to her daughter sooner, it will make all the difference not just in her life, but in Naomi's future as well.

None of us are excusing what she did. But we do ask that you consider the full scope of her life and the person behind the case. She has a strong support system and a family that is ready to help her get back on track. We're not giving up on her, and we hope that the court can see that she's someone who can come out of this better and stronger—if given the chance.

Thank you for your time and consideration.

Sincerely,
Brianna Clark

Tanicca Johnson
1525 S. Hayworth Ave
Los Angeles Ca
323-867-8333

Dear Judge,

I am writing this character letter on behalf of Constance Arrington, whom I have known her whole life. I am her older cousin, I am a special education school teacher and I have a professional beauty salon. In this letter I want to contribute the positive insights on Constance, while letting the court know it is not in her character to do criminal acts such as the one she is detained for.

Since I have known Constance she has always been a person of good moral character. She is a person who enjoys life as well as helping others whenever she can. Constance demonstrates qualities of positive energy and integrity, while being very humble and forgiving in any circumstances. Constance is a caring, loving person with a big heart. I recall many times Constance helping with food and clothing give aways around Christmas and Thanksgiving. She was always there for support as well as helping and providing some of her own things to give away.
There was a time when I was sick myself from a serious surgery, and Constance was very concerned about me calling constantly and checking on my well-being daily. Constance is always there for family, friends and community whenever she is available. Thats just how loving and caring she is.

I am aware of the charges that Constance Arrington is facing, and I am not here to down play the gravity of the incident that occurred. However I want the court to understand that this does not define the character of Constance. She has shown deep remorse for what she has done and she is very disappointed in herself for the action that she did. I feel that Constance has learned her lesson in so many ways. I believe that she will not get herself into a situation like this ever again and that she will let this experience be a life long lesson.

In Conclusion, I respectfully ask that the court take my letter in consideration while reviewing Constance Arrington case. She is a mother, sister, family member and friend, who is very missed. I believe that she is a person of integrity who made a mistake and should be given a chance to demonstrate her true character.

Thank you Judge for taking the time out to read my letter.

Trishena R. Smith

4642 w. El Segundo blvd

Hawthorne, Ca, 90250

310-902-9776

Trishenasmith@yahoo.com

Monday, June 9th, 2025


To the Honorable Judge and Whom It May Concern,

My name is Trishena Smith, and I am writing this letter on behalf of my best friend, Constance Arrington. I have had the honor of knowing Constance for the past 21 years, and in that time, she has proven to be one of the most loyal, dependable, and genuinely kind-hearted people I have ever known.

Constance is the kind of person others naturally gravitate toward. She has a calm and loving presence that puts people at ease, and her reliability is unmatched. Whether in times of celebration or hardship, Constance has always been there—not just for me, but for everyone lucky enough to know her. She is trustworthy, loyal, and carries herself with integrity in everything she does.

Over the years, I've watched her handle life's challenges with maturity, grace, and strength. She holds herself accountable for her actions, and I've never known her to be anything but respectful, caring, and responsible. Her values and dedication to doing the right thing are deeply rooted in who she is.

I understand that she is currently before the court, and while I do not intend to excuse any actions under consideration, I ask that you take into account the person she truly is—a good-hearted, dependable woman who deeply values the people in her life and consistently strives to do better. I believe with all my heart that Constance is deserving of your compassion and understanding.

Thank you for your time and consideration. Please feel free to contact me if you would like to speak further about her character.


Sincerely,

Trishena R. Smith

The Institute of Divine
**HEAVENLY HOPE HOUSE OF PRAYER**
**3650 Western Avenue**
**Los Angeles, California 90016**
**Dr. Geno Townsley**
**Ph#: (562) 233-8698**

Heb: 4:16
Let us therefore come boldly unto the throne
of grace, that we may obtain mercy, and find
grace to help in time of need.

June 18, 2025

To Whom It May Concern:

This letter is to inform you that Constance Arrington has been a member in good standing with Heavenly Hope House of Prayer for approximately five (5) years, and based on my association with Constance, I have found her to be a conscientious, responsible individual with good moral character and conduct. She has studied with the Ecclesiastes. It has always been my opinion that Constance is a woman of good morals and conduct.

Should you have any questions, please do not hesitate to call me.

Sincerely,

Dr. Geno Townsley

Your Honor,

My name is Elisha Goins, and I have had the privilege of knowing Constance Arrington for the past fifteen years. I am here today to speak on her behalf, not to excuse any mistakes she may have made, but to shed light on the person I know her to be.

Constance is one of the kindest, most caring people I have ever met. She is incredibly family-oriented and has always been the type of person who puts others before herself. She's the one you can count on—whether it's helping out a friend in need, offering a ride, or simply showing up. In our family, she plays a special role, especially with the younger kids. She picks them up, takes them where they need to go, and makes sure they feel supported. Whether it's a school event or a game, Constance is there. She shows up for the people she loves.

She is also deeply remorseful for her actions. I know she regrets what happened and is working hard to make things right. She has taken full responsibility and is committed to doing better moving forward. I believe in her, and I know she won't make the same mistake again.

I respectfully ask that Your Honor take Constance's character into consideration during sentencing. Please don't count her out because of one mistake. She is a good person with a good heart, and she still has so much to offer her family and community.

Thank you for your time.

**To Whom It May Concern,**

I am writing this letter to offer my wholehearted support and deepest respect for Constance Arrington, a woman whose character, integrity, and devotion to her family and community are nothing short of extraordinary.

I have had the privilege of knowing Constance for 20 years, and in that time, I have witnessed her unwavering commitment to her family, her friends, and her responsibilities. She is the kind of person who just shows up.

Perhaps most importantly, Constance is the backbone of her family. She is the emotional anchor, the problem solver, the one who holds everything together when life becomes overwhelming. Her home is not just a place, it is a sanctuary shaped by her love, her presence, and her tireless efforts. It is clear to anyone who knows her that her family needs her, and she needs to be home with them.

In every sense of the word, Constance is irreplaceable. Her character is a testament to the power of compassion, resilience, and devotion. I cannot think of anyone more deserving of your understanding, your consideration, and your support.

Please do not hesitate to contact me if you require any further information.

Sincerely,

Chavette Dumas

Dear Sir or Madam,

I am writing to offer my sincere letter of character on behalf of Constance Arrington, whom I have had the pleasure of knowing for nearly 20 years. Throughout this time, Constance has consistently shown herself to be a generous, thoughtful, and selfless individual.

Constance is the type of person who will go out of her way to help those in need. Whether it's offering a kind word, lending a helping hand, or being there for friends and family during difficult times, she has always led with love and compassion. Her dedication to her family, especially her deep love for her daughter, is one of the most defining and admirable qualities about her.

Despite her current circumstances, I believe that Constance has the strength of character, heart, and willpower to rebuild and contribute meaningfully to her community and her family. She has always demonstrated a sincere desire to do what's right and to be of service to those she loves.

Please take this letter into consideration as a genuine testament to the kind of person Constance Arrington truly is. I believe in her, and I hope she will be given the opportunity to continue her journey with dignity, grace, and a renewed purpose.

Sincerely,

Kristen Wright Matthews

Dear Sir or Madam,

My name is CJ Matthews, and I am writing to share a character reference for Constance Arrington, whom I have known my entire life since 2007. Since I was a baby, Constance has been like an aunt to me—always warm, supportive, and nurturing.

Whenever I visited California, Constance made me feel cared for and protected. She showed the same love to my cousins and especially to her daughter, Naomi. Even in the short visits, her kindness left a lasting impact on me.

She supported my nonprofit organization, Blankies 4 My Buddies, which I founded to provide comfort and care to children in need. She believed in our mission and uplifted our work however she could. That speaks to the kind of person she is—generous, thoughtful, and always willing to help others.

I have always known Constance to be someone who values family and community deeply. Her presence has made a difference in my life, and I'm grateful to have grown up knowing her.

Sincerely,

CJ Matthews

Founder, Blankies 4 My Buddies

I hope this message finds you well. My name is Landen Smith, and I am writing to express my heartfelt support for my aunt, Constance Arrington. Throughout my life, my aunt has been a constant source of love, guidance, and support. From the time I was a child, she was always by my side celebrating my milestones, helping me through difficult times, and showing up in ways that many others didn't. She's the kind of person who leads with her heart and gives without expecting anything in return. No matter what's happening in her own life, she has always made time for me. Whether it was helping me with school, cheering me on at important events, or just being a safe place to turn to when I needed someone, her presence has shaped me in more ways than I can describe. I know people make mistakes, but I also know the kind of person my aunt truly is someone full of compassion, loyalty, and love. I sincerely hope the court can take into account how much she means to the people who know her best. She is not just someone who made a misstep; she is a deeply caring and impactful person in my life and in the lives of many others.

Dear Honorable Judge

My name is Britney Furbush, and I am writing on behalf of my cousin, Constance Arrington, I have witnessed her journey and the meaningful changes she is striving to make.

Despite her creativity and dreams, adult pressures led her to make a regrettable choice that resulted in her arrest, forcing her to confront the values she had lost.

Constance is deeply concerned about the impact of her actions on her daughter, who relies on her for guidance and support. She feels genuine remorse and understands how her choices affect both of their futures. This realization has ignited a strong desire to change, not just for herself but for her daughter.

I believe rehabilitation through Cognitive Behavioral Therapy (CBT) will help her process her actions and develop healthier coping strategies. I have seen her determination to confront her past and learn from her mistakes.

As she seeks your compassion, Constance wants to show that she is no longer the same person who made those poor choices. She expresses sincere remorse and a commitment to rehabilitation through therapy. Her goal is to be a better mother and a positive influence.

If sentenced, I respectfully request that she be placed in a facility focused on rehabilitation and therapy. A punitive environment would only harm her character and future mental health.

Thank you for your time and consideration.

Sincerely,
Britney Furbush (Former Employee of MDC Los Angeles)



**SOUTH CENTRAL**

**Honorable Judge Michael M. Boylson**

Dear Judge Boylson,

I am Darrell Blanton, the Executive Director of South Central United (SCU), a nonprofit organization based in South Los Angeles dedicated to supporting underserved families across South Central. On behalf of SCU, I am writing to provide a character reference for Ms. Constance Arrington, who has been a dedicated and valued community member and volunteer within our organization.

For the past six years, Ms. Arrington has consistently donated her time and energy to support our key community outreach programs, including Back-to-School drives, Thanksgiving turkey giveaways, and Christmas toy distributions. I have personally known Ms. Arrington for over ten years, and throughout that time, she has demonstrated unwavering compassion, integrity, humility, and a deep commitment to giving back.

Her involvement with SCU has always been motivated by a genuine desire to serve—not for recognition, but for the betterment of the community. She has played a role in nearly every event we've organized and continues to be a trusted and respected presence within our outreach efforts.

We are proud to consider Ms. Arrington an essential part of our extended community family, and we deeply value the consistency and selflessness she brings to every initiative.

Thank you for your time and consideration.

Sincerely,

**Darrell Blanton**
*Executive Director*

**SOUTH CENTRAL**

5100 S Broadway, Suite B
Los Angeles, CA 90037
213-884-5342